[S. C., Ante, 54.]
This cause being again mentioned and debated at the bar, after the close of the argument on the last day of the term, Haywood, J., gave his opinion as follows, with which the other two judges concurred;
It seems necessary to go more fully into the nature of the writ ofcertiorari than we have hitherto, for, rightly understood and applied to its proper uses, it is in our country a most valuable writ; but, as it is used here in some instances for purposes different from those to be found in the English books, that difference breeds confusion. *Page 70 
This is in some cases an auxiliary writ upon which no judgment is pronounced, but is functus officio without it, as where it is used in case of an appeal, or writ of error for removal into the upper court of such parts of the record as were not at first removed, usually done upon suggestion of diminution. In criminal cases it is used as an auxiliary for removing an indictment into another court, in order to have a fair trial, which can not be had in the court from whence removed (Salk. 150), or for assessing the fine after verdict where it can be more properly done in the court above, or where the judge in the court below doubts what judgment to give. Salk. Various are the instances which render necessary the use of this writ for these and similar purposes, in all of which the record when removed is proceeded on, and judgment given without taking any notice of the certiorari which had been used as a vehicle for removing the record into that court where it is to be proceeded upon.
Secondly, this writ is used as a principal one upon which the Court proceeds and gives judgment, and that is in all cases where the Court proceeds not by the rules of the common-law process — declaration, pleadings, verdict, and judgment, put on record, and bills of exception, by all of which is exhibited of record all that has been done in the court below, and where the judgment is according to the course of the common law, ideo consideratum est, c. It lies for this purpose in cases where no common-law judgment is given, and where for that reason the record can not be removed by writ of error, for the form of that is to command quod si judicium redditum sit, then to remove the record into the court above. This will not remove a sentence or decision not given in that form, but according to rules prescribed by statute. This then extends to the judicial sentences of all courts exercising jurisdiction under statutory regulations, either in a summary way, or by a mode of proceeding not recognized in our courts of record, proceeding *Page 71 
according to common-law forms. Such proceedings are subject to be re-examined and reversed by certiorari, because the writ of error will not lie in such cases. And upon such certiorari the Court will examine the removed proceedings, and if either the tribunal below has exceeded the limits prescribed by law, or, acting within those limits, exercised their authority inconsistently with the law, and gave a wrong sentence, will not reverse the same and quash the proceedings; and of that nature is the case before us. A court exercising jurisdiction under the statute, and not according to forms prescribed by the common law, has given a sentence wrong in itself, but yet not reversible by writ of error, it must be corrected and by certiorari too, for there is no other way remaining by which it can be done.
This writ is also used in this country for a purpose not known to the English law, for there is no appeal to a superior court for the purpose of having another trial or investigation of facts. That was allowed of by our law in case of an appeal from the County to the Superior Court, and then immediately some writ became necessary to remove the record into the Superior Court, and to give the applicant the benefit of an appeal and reinvestigation, where he had been illegally and unfairly deprived thereof by some act not under his control, and which in justice ought not to prevail to defeat his appeal. This writ, being that which came nearest the desired remedy, was adopted by our courts for the removal of records in such cases; and for deciding after the removal whether there should or should not be another trial, as would be if the record had been removed by appeal. In short, in this instance, it is a substitute for the appeal, and replaces it upon its proper foundation when attempted by unfair means to be prevented. This is a remedy which must be used without any unnecessary delay, and without gaining by it any greater advantage than the party would have had by appeal, and without throwing upon his *Page 72 
adversary disadvantages from unreasonable procrastination. The using of this writ for such purposes, which was begun in North Carolina soon after the year 1777; was violently opposed by some of the bar there, and was not finally established until many years afterwards. On account of this contest it was that the certiorari in civil cases was noticed by our Constitution, dated the 6th of February, in the year of our Lord, 1796, art. 5, section 6: "The judges of the superior courts shall have power in all civil cases, to issue writs of certiorari, to remove any cause, or a transcript thereof, from any inferior court of record into the superior courts, on sufficient cause, supported by oath or affirmation." The legal history of these lines show clearly the meaning of this clause, and establishes by the highest authority that use of thecertiorari of which we are now speaking.
For all these purposes, this writ is of the highest utility and importance, and in no case more so than in such an one to which it is now applied, in curbing the excess of jurisdiction and in correcting its mistakes and errors. By what means could the numerous inferior jurisdictions and tribunals erected by different statutes be regulated and restrained, if we lay aside this writ? Must they ride over and trample upon the rights of the citizen without control; and without having their proceedings subject to revision? Surely not. The first rule of our juridical system is, that all inferior jurisdictions are subject to be superintended, regulated, and corrected, and kept within the limits of their authority by the Superior Court, which exercises that superintendence by means of the writ of certiorari. Considering it in this point of view, it is most indispensable to the safety of our citizens, and most essential to the public welfare. For my part it is the last writ that I would agree to expunge from our naturabrevium. And not much less useful is it, when resorted to as a substitute for the appeal, taking care to circumscribe its use with all the rules and *Page 73 
restrictions already laid down by our courts, and not to produce by it results unfavorable to justice by needless delay.
This writ is used also for reversal in criminal cases where inferior or special trubunals inflict penalties or forfeitures, or otherwise act by conviction or by way of punishment of the citizen, pursuant to statutory institutions in cases where a writ of error will not lie, as it will not where those exercising power are not constituted courts of record, or, being so constituted, do not follow the common-law forms of procedure.
Upon this view of the writ of certiorari and its properties, there can be little doubt but that the present case has been properly removed in the Circuit Court for revision. And further, that such judgment ought to be given by us has been already estimated.
I am of the same opinion.